UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

BERNARDO CACERES,

Plaintiff,

-against-

CITY OF NEW YORK, et. al.,

Defendants.

----------------------------------------------------------------X

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND NATHANIEL WILLIAMSON TO COMPLAINT**

JURY TRIAL DEMANDED

26 Civ. 4914 (MMG)

Defendants City of New York and Nathaniel Williamson, by their attorney, Steven Banks, Corporation Counsel of the City of New York, for their answer to plaintiff's Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit only that plaintiff was arrested.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit only that plaintiff was arrested.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit only that plaintiff was arrested.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit only that plaintiff was arrested and issued a DAT.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit only that the Bronx County DA's Office declined to prosecute the charges against plaintiff.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit only that plaintiff purports to proceed as set forth herein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. In response to paragraph "13" of the Complaint, admit only that the defendant Nathaniel Williams is a DOC Correction Office Investigator assigned to the Correction Intelligence Bureau. The remainder of the allegations set forth in paragraph "13" of the Complaint are legal conclusions to which no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. In response to paragraph 15 of the Complaint, admit only that the City of New York is a municipality and maintains a Department of Correction, and states that the remainder of the allegations set forth in paragraph "15" of the Complaint are legal conclusions to which no response is required.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit only that plaintiff purports to proceed as set forth herein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit only that plaintiff purports to bring this action, assert claims and invoke the Court's jurisdiction as stated therein.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit only that plaintiff purports to lay venue as stated therein.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit only that plaintiff purports to demand a trial by jury.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “31” of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “32” of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “33” of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “34” of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “35” of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “36” of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “37” of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “38” of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “39” of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “40” of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “41” of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, except admit only that plaintiff proceeded to the Samuel L. Perry Building.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint, except admit only that plaintiff and Mr. Dufault proceeded to the Otis Bantum Correctional Center.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegation set forth in paragraph "60" of the Complaint, except admit only that plaintiff was arrested.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit only that plaintiff was arrested.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint, except admit only that plaintiff was arrested.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit only that a field test was conducted on materials brought by plaintiff to Rikers Island.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit only that plaintiff was arrested.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit only that a laboratory test (something other than a field test) had not been performed prior to plaintiff's arrest.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint, except admit only that plaintiff was issued a DAT.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit only that the Bronx County DA's Office declined to prosecute the charges against plaintiff.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint, except admit only that any notice of claim speaks for itself and assert that the remainder of the allegations set forth in paragraph "112" of the Complaint are legal conclusions to which no response is required.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint.

115. The allegations set forth in paragraph "115" of the Complaint are legal conclusions to which no response is required.

116. In response to the allegations set forth in paragraph "116" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. In response to the allegations set forth in paragraph "126" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. In response to the allegations set forth in paragraph "136" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

137. Deny the allegations set forth in paragraph "137" of the Complaint.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. The allegations set forth in paragraph "139" of the Complaint are legal conclusions to which no response is required.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. In response to the allegations set forth in paragraph "142" of the complaint, defendant City of New York repeats and realleges each response set forth in the preceding paragraphs of its answer, as if fully set forth herein.

143. Defendant City denies the allegations set forth in paragraph "143" of the Complaint.

144. Defendant City denies the allegations set forth in paragraph "144" of the Complaint.

145. Defendant City denies the allegations set forth in paragraph "145" of the Complaint.

146. Defendant City denies the allegations set forth in paragraph "146" of the Complaint.

147. Defendant City denies the allegations set forth in paragraph "147" of the Complaint.

148. Defendant City denies the allegations set forth in paragraph "148" of the Complaint.

149. Defendant City denies the allegations set forth in paragraph "149" of the Complaint.

150. As the allegations set forth in paragraph "150" of the Complaint not pertain to the answering defendants, no response is required.

151. As the allegations set forth in paragraph "151" of the Complaint not pertain to the answering defendants, no response is required.

152. As the allegations set forth in paragraph "152" of the Complaint not pertain to the answering defendants, no response is required.

153. As the allegations set forth in paragraph "153" of the Complaint not pertain to the answering defendants, no response is required.

154. As the allegations set forth in paragraph "154" of the Complaint not pertain to the answering defendants, no response is required.

155. As the allegations set forth in paragraph "155" of the Complaint not pertain to the answering defendants, no response is required.

156. As the allegations set forth in paragraph "156" of the Complaint not pertain to the answering defendants, no response is required.

157. As the allegations set forth in paragraph "157" of the Complaint not pertain to the answering defendants, no response is required.

158. As the allegations set forth in paragraph "158" of the Complaint not pertain to the answering defendants, no response is required.

159. As the allegations set forth in paragraph "159" of the Complaint not pertain to the answering defendants, no response is required.

160. As the allegations set forth in paragraph "160" of the Complaint not pertain to the answering defendants, no response is required.

161. As the allegations set forth in paragraph "161" of the Complaint not pertain to the answering defendants, no response is required.

162. As the allegations set forth in paragraph "162" of the Complaint not pertain to the answering defendants, no response is required.

**FIRST AFFIRMATIVE DEFENSE:**

163. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

164. Defendants City of New York and Nathaniel Williamson have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

165. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of the defendants City of New York or Nathaniel Williamson.

**FOURTH AFFIRMATIVE DEFENSE:**

166. Defendant Nathaniel Williamson has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

167. There was probable cause for plaintiff's arrest, as well as his detention and any prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

168. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City of New York is, therefore, entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE:**

169. Any force used against plaintiff was reasonable, necessary and justified.

**EIGHTH AFFIRMATIVE DEFENSE:**

170. Punitive damages are not recoverable against The City of New York. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**NINTH AFFIRMATIVE DEFENSE:**

171. The defendant Nathaniel Williamson is protected by immunities as to plaintiff's state law claims, including qualified immunity, as he did not act without a reasonable basis or in bad faith.

**TENTH AFFIRMATIVE DEFENSE:**

172. At all relevant times, the defendant Nathaniel Williamson acted reasonably and in the lawful and proper exercise of his discretion.

**ELEVENTH AFFIRMATIVE DEFENSE:**

173. Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendants City of New York and Nathaniel Williamson respectfully request judgment dismissing the Complaint in its entirety, together with the costs

and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 28, 2026

STEVEN BANKS
Corporation Counsel of
the City of New York
*Attorney for Defendants City of New York and Nathaniel Williamson*
100 Church Street
New York, New York 10007
(212) 356-3519

By: /s/ MARK D. ZUCKERMAN
Mark D. Zuckerman
Senior Counsel